**HIRSCH LAW OFFICE, P.C.**
5020 East Shea Blvd., Suite 150
Scottsdale, Arizona 85254
Phone: (602) 996-9544
Phone: (480) 505-9696
Facsimile: (480) 505-9707

**Lawrence D. Hirsch - AZ Bar No. 004982**
**Iva S. Hirsch - AZ Bar No. 006607**

Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| KENNETH KARL ELLSWORTH, JESSICA TERESA ELLSWORTH, | Case No. 2-07-bk-00986-CGC |
| Debtors. | **AMENDED CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |

Debtors Kennetth Karl Ellsworth and Jessica Teresa Ellsworth (hereinafter "Debtors") propose the following Chapter 13 Plan:

1. Debtors shall submit that portion of their future income to the supervision and control of the Trustee as is necessary for the execution of the Plan. Debtors shall submit Plan payments to the Trustee as follows:

**$202.00 per month for sixty (60) months beginning April 9, 2007**

The first payment shall be made to the Trustee within 30 days after filing of Debtor's Chapter 13 Petition (Filing Date: March 8, 2007). A constructive payment due date of the **9th** day of the month with the first interim Plan payment to be paid on or before **April 9, 2007** has been established. All remaining Plan payments shall be made on or before the **9th** day of each month for the duration of Debtors' Chapter 13 Plan. Debtors are to make their Plan payments in the form of a cashier's check or money order, with each check to bear their case number, payable to **Edward Maney, PO Box - 53304, Phoenix, Arizona 85072-3304**. All debts are provided for by this Plan. Only creditors holding claims duly filed, proved and allowed shall be allowed to receive dividend payments under the Plan.

2. Debtor has been notified to submit to the Trustee copies of Federal and State income tax returns, if applicable, within 30 days of filing, for the first and second years of the Chapter 13 Plan. The Debtor agrees to keep current the filing of all required post-petition tax returns, as well as make all payments, if any, due on such returns.

3. The Debtors agree to keep current the filing of all required post-petition tax returns, as well as making all payments, if any, due on such returns.

4. Claims shall be classified as listed below and paid in accordance with the following Plan:

    A. ADMINISTRATIVE EXPENSES

        1.) Trustee's Fees - The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. §586(e), but not to exceed ten percent (10%).

        2.) Attorney's Fees - Debtors paid an initial pre-petition retainer of $4,000.00. In the event that said fees and costs exceed the amount stated herein, an Application for Interim Compensation of Fees and Costs shall be prepared, filed and noticed to all creditors of the Debtors. Upon approval of said application, the Stipulated Order of Confirmation shall provide for the payment of the additional approved fees and costs.

Services to be provided to the Debtor includes any or all of the following: evaluating the financial condition of the Debtor; review of the worksheets; preparation of schedules and petition for filing Chapter 13; drafting the Chapter 13 Plan; necessary creditor contacts and responses; attend the First Meeting of Creditors; attend any court appearances in either administrative or adversary proceedings; draft appropriate motions and responses and negotiate with any and all creditors to resolve any claims.

All attorney's fees shall be paid before any dividends are paid to other creditors, except for the payments to the Trustee. ALL SECURED CREDITORS SHALL BE PROVIDED FOR AS STATED IN THIS PLAN REGARDLESS OF THE SECURED AMOUNT STATED IN THE

PROOF OF CLAIM. IF SECURED CREDITORS DO NOT FILE AN OBJECTION TO CONFIRMATION OF THE PLAN THEN THE SECURED CREDITOR IS DEEMED TO HAVE ACCEPTED TREATMENT OF ITS CLAIM UNDER THE PLAN. 11 U.S.C. §1325(A)(5)(I).

B. SECURED CLAIMS - REAL PROPERTY

The following creditors shall retain security interest in real property and the Trustee shall have no interest in or claim to the property securing the claim. Regular monthly payments becoming due after the filing of the Petition shall be made outside the Plan. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of the arrearage cured under this Plan. The estimated arrearage listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation. Should creditor file an objection, based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation, creditor accepts full responsibility for its own attorney fees in connection with the objection. The arrearage as adjusted, including late charges, shall be cured within the length of this Plan and shall be made in conjunction with secured personal property claims and prior to payment on priority and general unsecured claims.

CREDITOR/SECURITY             ARREARAGE                INTEREST

**Creditor:** Citimortgage Inc.            **Balance of Claim:** $   648,990.54
**Security:** Residence                    **Value of Security:** $   900,000.00
                                           **Pre-Petition Arrearage:**   $      N/A

C. SECURED CLAIMS - PERSONAL PROPERTY

The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property as a secured claim plus interest at the rate specified. Upon payment of this amount, their security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim based upon creditor's duly filed and approved Proof of Claim. Claims paid under this category shall be paid in conjunction with secured real property claims and shall be paid in full prior to commencement of payment on priority and general unsecured claims.

CREDITOR/SECURITY             ARREARAGE                  INTEREST

**3**

**Creditor:** N/A
**Security:** N/A

    D.    DISPUTED SECURED CLAIMS REGARDING PERSONAL PROPERTY

Debtor disputes that any other creditors hold security interests in any items of personal property. To the extent that any of the creditors as set forth on the attached Exhibit A claim secured status, Debtor proposes to pay said creditor the amount of $5.00 as and for its secured claim.

    E.    PRIORITY CLAIMS

The following priority tax claims shall be paid in full without post-petition interest, unless specifically stated. All taxes not paid by the Plan, shall be discharged by these proceedings. Property of the Debtor shall vest in the Debtor upon confirmation. Any liens held by the respective tax agencies will be deemed extinguished and are to be released upon completion of this Plan. Payment on priority claims shall commence after all administrative claims, secured real property claims and secured personal property claims and prior payment on general unsecured claims.

| AGENCY/TYPE OF TAX | YEAR | AMOUNT | INTEREST |
|---|---|---|---|
| N/A | | | |

    F.    EXECUTORY CONTRACTS

N/A

    G.    UNSECURED CLAIMS

All other claims shall be classified as unsecured, with any claims of security interest and property being voided. Unsecured claims shall be paid the balance of payments under the Plan pro rata after all secured claims have been paid and all administrative fees paid. Any amounts not paid shall be discharged.

5. The property of the estate shall vest in Debtors upon confirmation. In no event shall the amount to be distributed to each creditor provided for under this Plan by less than the value of the property upon which said creditor has an enforceable lien, plus the amount, if any, that would be paid

such claim if the estate of Debtors was liquidated under Chapter 7 of the United States Bankruptcy Code.

Debtors represent that this Plan has been proposed by them in good faith and is not by any means forbidden by law. Debtors, at this time, believe they would be able to make all proposed payments under the Plan and to comply with the Plan.

DATED: April 4, 2007.

/s/ KKE
Kenneth Karl Ellsworth

/s/ JTE
Jessica Teresa Ellsworth

HIRSCH LAW OFFICE, P.C.

/s/ Lawrence D. Hirsch - 004982
Lawrence D. Hirsch
5020 East Shea Blvd., Suite 150
Scottsdale, Arizona 85254
Attorney for Debtors

**AMENDED CHAPTER 13 PLAN ANALYSIS**

DEBTORS: KENNETH KARL ELLSWORTH AND JESSICA TERESA ELLSWORTH

CASE NO.: 2-07-bk-00986-CGC

PETITION DATE: March 8, 2007

ESTIMATED LENGTH OF PLAN: 60 months

PRIOR: Bankruptcy ( ) Chapter _____

Trustee Use: §341 Meeting Date:
Continued:
Confirmed Date:

---

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

| | | | |
|---|---|---|---|
| A. | TOTAL PRIORITY CLAIMS | | |
| | 1. Unpaid Attorney's Fees | | $ - 0 - |
| | 2. Taxes | | $ - 0 - |
| | 3. Other | | $ - 0 - |
| B. | TOTAL OF PAYMENTS TO CURE DEFAULTS | | $ - 0 - |
| C. | TOTAL OF PAYMENTS ON SECURED CLAIMS REAL PROPERTY | $ - 0 - | |
| D. | TOTAL OF PAYMENTS ON SECURED CLAIMS PERSONAL PROPERTY | $ - 0 - | |
| E. | TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS | | $ 11,000.00 |
| F. | SUB-TOTAL | $ 11,000.00 | |
| G. | TOTAL TRUSTEE'S COMPENSATION (10% of Debtor's payments) | | $ 1,100.00 |
| H. | TOTAL DEBT AND ADMINISTRATIVE EXPENSES | | $ 12,100.00 |

---

**RECONCILIATION WITH CHAPTER 7**

| | | |
|---|---|---|
| I. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of Debtors' interest in nonexempt property | $ 100,000.00 |
| | 2. PLUS: value of property recoverable under avoiding powers | $ -0- |
| | 3. LESS: estimated Chapter 7 administrative expenses: | $ 105,000.00* |
| | 4. LESS: amounts payable to priority creditors other than costs of administration | $ - 0 - |
| | 5. EQUALS: estimated amount payable to general unsecured creditors is Chapter 7 filed (if negative, enter zero) | $ -0- |
| J. | ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ -0- |
| K. | ESTIMATED DIVIDEND UNDER PLAN | $ - 0 - |

*NET OF COST OF SALE. Real Estate Commission = $60,000.00; Chapter 7 Trustee Compensation = $45,000.00

**IF THERE ARE ANY DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.