Joseph E. Cotterman (Bar No. 13800)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: jec@gknet.com
Attorneys for LifeScape Medical Associates, P.C.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH KARL ELLSWORTH and JESSICA TERESA ELLSWORTH, husband and wife,<br><br>Debtors. | 2-07-bk-0986-CGC<br><br>Chapter 13<br><br>**OBJECTION TO DEBTORS' AMENDED CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |

LifeScape Medical Associates, P.C. ("LifeScape"), a creditor and party in interest in the Chapter 13 case captioned above, hereby objects to the "Amended Chapter 13 Plan And Application for Payment Of Administrative Expense" filed on April 6, 2007 at ECF docket number 18 in this case (hereinafter the "Plan"). Pursuant to 11 U.S.C. §1325,[1] F.R. Bankr. P. 3015, and Local Bankruptcy Rule 2083-6, Lifescape objects to confirmation of Debtors' Plan for the following reasons:

---

[1] Specific sections of the Bankruptcy Code are hereinafter cited by section number only.

1. Debtors' Schedule I – Current Income of Individual Debtors, reflects a combined average monthly income of over Twenty-Seven Thousand Dollars ($27,000.00).

2. Debtors' Schedule J – Current Expenditures of Individual Debtors, reflects regular expenses from operation of a business, in excess of Twenty Thousand Dollars ($20,000.00). Debtors testified at their first meeting of creditors that these alleged operating expenses, annualized, consist of the 2006 statement of revenue and expenses (the "Income Statement") appended to their Schedule J. The Income Statement reflects a line item for "Legal Fees" of Thirty Four Thousand Two Hundred Ninety Dollars Forty-Five Cents ($34,290.45). At their first meeting of creditors, Debtors testified that the foregoing legal fees were in fact a one-time expense, and that they projected legal fees of approximately $1,000.00 per year going forward.

3. Debtors' Schedule A – Real Property, lists the value of Debtors' residence as Nine Hundred Thousand Dollars ($900,000.00), and states that it is encumbered only by a lien valued at Six Hundred Forty-Eight Thousand Nine Hundred Ninety One Dollars ($648,991.00).

4. Debtors' Schedule B – Personal Property, item 13, lists their interest in Family Practice of Scottsdale, the entity or business concern through which Mrs. Ellsworth practices medicine, and values such interest at zero.

5. Debtors' Plan proposes to pay unsecured creditors Two Hundred Two Dollars ($202.00) per month for sixty months for a total distribution of Twelve Thousand One Hundred Twenty Dollars ($12,120.00).

6. Section 1325(a)(1) provides that a plan shall be confirmed only if it complies with the provisions of Chapter 13 and the other applicable provisions of Title 11. For the reasons set forth below, the Plan does not comply with the provisions of Chapter 13, or Title 11 otherwise, and accordingly cannot be confirmed.

7. Section 1325(a)(3) provides that a Plan shall be confirmed only if it has been proposed in good faith and not by any means forbidden by law. As more fully described and discussed below, Debtors' Plan was not filed in good faith, because it undervalues Debtors' assets and understates Debtors' disposable income in an attempt to pay unsecured creditors less than the minimum amounts required under the statutory provisions governing distributions to unsecured creditors.

8. Section 1325(a)(4) provides that a plan shall be confirmed only if the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on the plan's effective date. Upon information and belief, Debtors have substantially undervalued their residence, which has a liquidation value that exceeds their estimate by at least Fifty Thousand Dollars ($50,000.00). The true value of Debtors' residence includes

1532545/15788-3

3

unencumbered, non-exempt value in at least the foregoing amount that would be distributed to unsecured creditors in a Chapter 7 case if Debtors' residence were liquidated on the effective date of their Plan.

9. In addition to the foregoing, under §1325(a)(4), creditors are entitled to a distribution in an amount equal to the value of Family Practice of Scottsdale. Upon information and belief, Family Practice Of Scottsdale has significant going concern value and its assets likewise have value, all of which entitle unsecured creditors to a greater distribution than provided for under the Plan.

10. Section 1325(b)(1) provides that if the trustee or an allowed unsecured claimholder objects to a plan, the court may not approve the plan unless the value of plan distributions on account of unsecured claims is at least equal to the amount of those claims, or the plan provides that all of the debtor's projected disposable income for the applicable commitment period is applied toward plan payments to unsecured creditors. Based on this objection, Debtors' Plan must either pay unsecured claims at their full face value, or apply all of Debtors' disposable income for the applicable commitment period toward payment of unsecured claims. Debtors' Plan does neither. The applicable commitment period for Debtors' Plan is sixty months. As set forth above, Debtors' disposable income is approximately Three Thousand Dollars ($3,000.00) per month, or more, greater than alleged in their Plan and in their Statements and Schedules. Accordingly, Debtors' Plan cannot be confirmed.

1532545/15788-3

4

11.     Upon information and belief, Debtors' Plan further undervalues their assets and understates their disposable income.

**CONCLUSION**

Lifescape reserves the right to amend this Objection to further brief the issues that make Debtors' Plan unconfirmable, after further discovery and an evidentiary hearing on the foregoing. For all the foregoing reasons, Lifescape requests that the Court deny confirmation of Debtors' Plan on the basis that it does not meet the requirements for confirmation under §1325.

Dated May 1, 2007.

          GALLAGHER & KENNEDY, P.A.

          By: /s/ Joseph E. Cotterman 013800
            Joseph E. Cotterman
            2575 East Camelback Road
            Phoenix, Arizona 85016-9225
            Attorneys for LifeScape Medical Assoc. P.C.

A copy of the foregoing served by email transmission on May 1, 2007, to

Lawrence D. Hirsch
HIRSCH LAW OFFICE, P.C.
lhirsch@hirschlaw.net
5020 East Shea Blvd. Suite 150
Scottsdale, Arizona 85254
Attorneys for Debtors

and via first class mail on the following:

Edward Maney
Chapter 13 Trustee
PO Box 10434
Phoenix, Arizona 85064

1532545/15788-3

1

Kenneth and Jessica Ellsworth
8015 East Foothills Drive
Scottsdale, AZ 85255

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26