Edward J. Maney, #12256
CHAPTER 13 TRUSTEE
P.O. Box 10434
Phoenix, Arizona 85064
(602) 277-3776
ejm@maney13trustee.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KENNETH K. ELLSWORTH,<br><br>and<br><br>JESSICA T. ELLSWORTH,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-07-00986-PHX-CGC<br><br>**TRUSTEE'S RECOMMENDATION RE: FIRST AMENDED CHAPTER 13 PLAN** |

The Trustee has reviewed the Schedules, Statement of Financial Affairs and the First Amended Chapter 13 Plan, filed April 6, 2007, which supersedes the original Plan in its entirety, except that interim payments remitted by (or due from) the Debtors prior to the date on which the Amended Plan was filed will continue to be governed by the provisions of the original Plan. The Trustee cannot recommend confirmation at the present time. The following issues must be resolved prior to confirmation of the Plan:

1. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

2. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

3. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

4. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

5. Within one year of the commencement of this case and for every tax year during the pendency of the Plan, the Debtors are required to prepare and file with the Court (with copies provided to the Trustee) amended Schedules I and J. If the Debtors are receiving pay stubs as of the

date the amended Schedules are required, the Debtors must also provide the Trustee with copies of two most recent, consecutive pay stubs to the Trustee with the amended Schedules. This requirement is to be included in the Stipulated Order Confirming the Plan.

6. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

7. The Trustee requires the Debtors to provide *complete* copies of their 2006 state and federal tax returns, including copies of all appropriate accompanying documents (Schedule A, Schedule C, W-2's, 1099's, etc.), by **July 19, 2007**.

8. The Debtors received significant federal tax refunds for 2006. The Trustee requires the Debtors to turn over tax refunds for 2007, 2008 and 2009 as supplemental plan payments. Tax refunds for 2006 may be turned over or included in Chapter 7 reconciliation.

9. Debtors' Notice of Date to File Objections to Amended Chapter 13 Plan (docket #19) states that "the [T]rustee will give notice of a confirmation hearing" if parties are unable to agree to a stipulated order confirming. Debtors and counsel are advised that it is *counsel's* duty to request and notice a confirmation hearing if parties are unable to agree to a stipulated order, not the Trustee's. Debtors' counsel is advised to correct this language in any future bar date notices.

10. Debtors' Amended Plan fails to comply with the requirements of LRBP 2084-4(a)(3) as the Debtors have failed to include a completed tax filing declaration. The Trustee requires the Debtors to prepare and file with the Court (with a copy provided to the Trustee) an appropriate declaration by **July 19, 2007**.

11. Debtors have failed to file copies of all payment advices or evidence of payments as required by 11 U.S.C. §521(a)(1)(B)(iv). Debtors' case was filed on March 8, 2007. The Debtors have provided pay stubs for Joint Debtor Kenneth Ellsworth dated January 22, February 5, February 19 and March 5, 2007. The Debtors have failed, however, to submit the pay stub for Joint Debtor Kenneth Ellsworth for the period December 23, 2006 to January 5, 2007, which the Debtor should have received on January 8, 2007. The Trustee requires the Debtors to file with the Court (with a copy provided to the Trustee) a certification that the pay stubs filed are all the pay stubs or payment advices received for the 60 days prior to filing this case **or** prepare and file with the Court (with

2

copies provided to the Trustee) the required certification and any and all additional pay stubs received within the 60 days prior to filing this case. The Trustee requires compliance no later than **July 19, 2007**.

12. **The Trustee is unable to complete his analysis of Debtors' Plan as the Debtors have failed to provide all required income verification to the Trustee**. The Trustee has provided the Debtors with a Self-Employed/Business Case Package, which contains Self-Employed/Business Case Questionnaire, a List of Current Trade Creditors, and two monthly Business Operating Statements (BOS). Although the Debtors have returned a completed Business Questionnaire to the Trustee, they have failed to Provide copies of all documents required by their responses to the Questionnaire, including:

   a. Copies of employee timesheets and copies of canceled paychecks for the past two pay periods;

   b. Copies of signed payroll withholding reports for the most recent quarter (Fed form 941 and AZ forms A1-Qrt and UC-0180); and

   c. Copies of the lease for Debtors' business premises showing business address, lease terms and expiration dates.

In addition to the above requirements, the Debtors have failed to prepare and ***file with the Court*** (with copies submitted to the Trustee) Business Operating Statements for the month of March, 2007. The Debtors are advised that they must continue to file Business Operating Statements with the Court and submit copies to the Trustee each month for the duration of their Plan. Business Operating Statements shall be filed on or before the fifteenth (15th) of each month and shall ONLY include self-employment income and expenses for the prior month. Therefore, the Debtors must prepare and ***file with the Court*** (with copies submitted to the Trustee) Business Operating Statements for the months of March, May and June, 2007 no later than **July 19, 2007.**

13. The 2016(b) Disclosure Statement filed by counsel for the Debtors differs from the Application for Payment of Administrative Expense contained in the Plan. The Trustee objects to the Application if the fee agreement signed by the Debtors differs from the Application for Payment of Administrative Fees. The Trustee requires a copy of the attorney fee agreement no later than **July 19, 2007**. In addition, Debtors' counsel must file either an amended 2016(b) Statement and

3

Statement of Financial Affairs or file and notice a separate fee application for approval by the Court, all of which accurately reflect the total amount of fees agreed to in the fee agreement, the total amount of fees paid prior to filing and the total amount to be paid through the Plan. The Trustee requires compliance by **July 19, 2007**.

14. Lifescape Medical Associates has filed an objection to the plan. The Trustee requires the Debtor(s) to provide written notification as to whether the objection has been resolved or request the Court set a hearing on the objection no later than **July 19, 2007**. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

15. The proofs of claim filed by the Internal Revenue Service and the Arizona Department of Revenue differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured or non-priority); (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the Order confirming the Plan; (c) notify the Trustee **in writing** that the Order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. The Trustee requires the Debtor(s) to provide written notification as to whether the discrepancy has been resolved by **July 19, 2007**. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

16. Tax agencies report that the Debtors have not filed federal and/or state tax returns for the year(s) 2006. Pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, all required "tax returns for all taxable periods ending during the 4 year period ending on the

date of the filing of the petition" must be filed no later that one day prior to the date on which the 341(a) Meeting of Creditors is first scheduled to be held. 11 U.S.C. §1308(a). The Debtors are instructed to provide to the Trustee's office a copy of each filed return which is date stamped by the appropriate taxing agency no later than **July 19, 2007**, to verify the timely filing of the returns.

17. The proof of claim filed by the Internal Revenue Service includes a tax debt in the amount of $2,000.00 for tax year 2005. The proof of claim indicates that the tax liability is estimated pending assessment. The Debtors' final tax liability cannot be determined at this time. The Stipulated Order Confirming the Plan must include a provision that any additional tax liability resulting from the audit will be paid in full and that the Debtors' Plan will be amended or modified to allow for payment of the claim.

18. The proof of claim filed by Chase Auto Finance differs from the creditor's treatment under the Plan or is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtor(s) file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the Order confirming the Plan; (c) notify the Trustee **in writing** that the proposed Order confirming Plan will pay the claim in full pursuant to the proof of claim; or (d) timely file an amended Plan to provide for payment in part or full on the claim. The Trustee requires the Debtor(s) to provide written notification as to whether the discrepancy has been resolved by **July 19, 2007**. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the objection.

19. Debtors list ownership of a single family home located at 8015 East Foothills Drive, Scottsdale, Arizona which they have valued at $900,000.00. The Trustee requires the Debtors to provide a professional appraisal of the home, which must include "real estate comps"-- valuations based on the market value of comparable properties in the immediate vicinity of the property. The

1 | Trustee must determine the actual liquidation value of the property in order to verify compliance
2 | with Chapter 7 reconciliation. The Trustee requires compliance no later than **July 19, 2007**.

20. The Trustee requires the Debtors to provide complete copies of bank statements from any and all bank accounts in which the Debtors had an ownership interest (and which should be listed on Amended Schedule B) showing the balance of each account as of March 8, 2007 (the date the petition was filed) as well as bank statements for the 180 days prior to filing. The statements must include the balance in each account, all withdrawals from each account and all deposits into each account. No information is to be "blacked out" or omitted. The Trustee requires compliance by **July 19, 2007**.

21. Debtors list ownership of "Family Practice of Scottsdale" on Amended Schedule B which they have valued at $0.00. The Trustee requires the Debtors to provide a written explanation of the method used to determine the value of the business as well as documentation verifying the asserted value. The Trustee must determine the actual liquidation value of the property in order to verify compliance with Chapter 7 reconciliation. The Trustee requires compliance by **July 19, 2007**.

22. Schedule B contains an incomplete or generic listing of business equipment. The Trustee requires the Debtors to provide him with a detailed inventory of the business assets by **July 19, 2007**. The itemized inventory is to consist of an itemization and current valuation of: (1) equipment, machinery, vehicles, tools, office furniture and other nonexpendable property; (2) parts, supplies and other expendable items, at cost; (3) items held for resale, at cost; and (4) accounts receivable, at invoiced amounts. Also, for the duration of this case, the Debtor engaged in business is required to keep a record of receipts and the disposition of money and property.

23. The Trustee requires the Debtors to provide copies of all pay stubs for the six months prior to filing this case used to calculate the gross income listed on Line 2 of Form 22C, Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form 22C"). The Trustee also requires the Debtors to provide all profit and loss statements which were used to determine the business income listed on Line 3c of Form 22C. The Trustee requires compliance no later than **July 19, 2007**.

24. The Trustee notes the following issues with Debtors' Form 22C:

   a. **Lines 28b and 47a**: The Debtors have attempted to include payments on the 2007 Mercedes Benz ML 350 from the calculation of disposable income. This monthly payment amount does not appear on Debtors' Schedule J, nor does the Plan state that this creditor is to be paid directly by the Debtors outside of the Plan. Furthermore, the Debtors have informed the Trustee that the payments are made by Joint Debtor Jessica Ellsworth's medical practice, Family Practice of Scottsdale, LLC, and not by the Debtors. Therefore, this expense would be included as a business expense and not included as a deduction from Debtors' "disposable income." Debtors' inclusion of this monthly payment amount on Line 47a is "double dipping" and the Trustee requires the Debtors to prepare and file with the Court (with a copy provided to the Trustee) an amended Form 22C which removes this deduction and increase the disposable income amount accordingly.

   b. **Line 29**: On Line 29, the Debtors have claimed ownership expenses for a vehicle owned free and clear. The Debtors have listed vehicles which are over six years old, but have not reported the milage on either vehicle. The Trustee objects to the inclusion of an ownership expenses for either of these vehicles, as these expenses are not "applicable" to the Debtors, nor do the Internal Revenue Service Collection Financial Standards allow for deductions for vehicles that are not subject to a note and lien or lease agreement. The Trustee requires the Debtor to prepare and file an amended Form 22C removing this deduction. Any increase in disposable income must be turned over to fund the Plan.

   c. **Line 30**: The Trustee requires the Debtors to provide verification of their *actual* amount of taxes in the six months prior to filing this case. Their 2006 federal tax return discloses a federal tax amount of $628.33 per month.

   d. The Trustee requires the Debtors to provide documentation from the six months prior to filing the petition which justifies the following expenses listed on Form 22C:

      1. **Line 39a** -- Health Insurance;
      2. **Line 44** -- Additional food and clothing expense; and
      3. **Line 45** -- Continued charitable contributions.

   e. **Line 50**: The Debtors failed to include Chapter 13 administrative expenses in Line 50. The Trustee requires the Debtors to prepare and file with the Court (with a copy provided to the Trustee) an amended Form which includes all correct deductions.

The Trustee requires receipt of all information required in this paragraph no later than **July 19, 2007**. Failure to timely comply will result in the Trustee lodging an order dismissing Debtors' case.

25. Item #17 on Debtors' Schedule I and Item #19 on Debtors' Schedule J were not completed. The Trustee requires the Debtors to prepare and file with the Court (with copies provided to the Trustee) amended Schedules I and J which accurately respond to those Items.

7

26.     The Trustee notes a discrepancy between the Debtors' Schedule I and the Debtors' pay stubs. Schedule I shows a monthly gross income for Joint Debtor Kenneth Ellsworth of $6,666.66 and a net monthly income of $4,908.95, while Debtor's pay stubs, dated January 22, February 5, February 19 and March 5, 2007 show a monthly gross income of $6,867.92 and a net monthly income of $5,199.03. The Trustee requires the Debtors to amend Schedule I incorporating all excess income into funding the Plan.

27.     Debtors' Schedule I shows a deduction for "Self Employment Taxes" in the amount of $1,209.00. The only BOS filed by the Debtors for April 2007 does not indicate any such expense. In addition, Debtors' 2006 federal income tax return only shows a self-employment tax amount of $1,136.00. Since the Debtors have failed to provide a complete copy of their 2006 federal return, the Trustee is unable to determine how Debtor's income from the business and the subsequent tax amount were calculated. Therefore, the Trustee requires the Debtor to provide:

    a.    Verification of the adequacy of the reserve amount proposed by the Debtor in the form of a notarized statement from a certified public accountant regarding the adequacy of the set aside amount; and

    b.    Verification that this amount is actually being set aside by the Debtors.

The Trustee requires receipt of all information required in this paragraph no later than **July 19, 2007**. Failure to timely comply will result in the Trustee lodging an order dismissing Debtors' case.

28.     The Trustee requires the Debtors to provide documentation from the past six months justifying the following expenses listed on Schedule J which are not supported by the Trustee's Guidelines: Electricity and heating fuel ($270); Water and sewer ($70); Home maintenance ($100); Medical and dental expenses ($150); Transportation ($550); Charitable contributions ($650); Life insurance ($120.32); Health insurance ($100). Any documentation submitted must be **<u>legible</u>** and **<u>organized by category and month</u>**. Any documentation submitted which does not meet these requirements will not be considered received by the Trustee, who may lodge an order dismissing Debtors' case for failure to comply. Debtors are also required to submit a written explanation justifying the necessity of the expenses above the Trustee's Guidelines. Where the documentation and written justification fail to support the necessity of the scheduled expense(s), the Trustee will

1  require the Debtors to file an Amended Schedule J with the Court and forward a copy to the Trustee.
2  Any increase in excess income must be turned over to the Plan.

3  29. On Line 16 of Schedule J, the Debtors have listed $20,507.11 as regular monthly expenses from operation of business. The Debtors obtained this number by dividing the total amount of business expenses for 2006 listed on the attached "Statement of Revenues Expenses - Income Tax Basis" for the year 2006. Included in those expenses, however, are a $34,290.45 expense for "Legal Fees" which the Debtors have informed the Trustee was a one-time expense and a $7,165.18 expense for "Automobile" which appears to be the down payment made on Debtors' 2007 Mercedes Benz (according to the sales contract attached to the secured creditor's proof of claim). Since neither of these expenses is a recurring expense, the Trustee objects to their inclusion on Schedule J. The Trustee requires the Debtors to prepare and file an amended Schedule J reducing the amount of regular monthly expenses from operation of business. Any increase in excess income must be turned over to the Plan.

30. The Trustee requires the Debtors to provide a copy of the attorney fee agreement signed by the Debtors which resulted in the $34,290.45 legal fees noted in paragraph 27 above. In addition, if the Debtors made any payments in connection with these legal fees in the 90 days prior to filing this case, the Trustee requires the Debtors to provide copies of all bills and or statements received by the Debtors regarding these legal fees showing the attorney and/or law firm's name, address, account number, payments made by Debtors (credited to the Debtors' accounts) and final amounts owed to the attorney and/or law firm and copies of all cancelled checks used to make the payments and any other documents relating to the payments in Debtors' possession.

31. Debtors' Statement of Financial Affairs, Item #1, fails to disclose each Joint Debtor's gross income from employment or operation of business for 2005. The Trustee requires the Debtors to prepare and file with the Court (with a copy provided to the Trustee) an amended Statement which accurately lists each Joint Debtor's gross income from employment or operation of business for 2007, 2006 and 2005. Each Joint Debtor's income must be listed separately. The Trustee requires compliance by **July 19, 2007**.

9

32. Debtors' Statement of Financial Affairs, Item #7, is incomplete. The Trustee requires the Debtors to prepare and file with the Court (with a copy provided to the Trustee) an amended Statement which accurately provides all information required by that Item.

33. Unsecured, non-priority creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $7,214.00, or 3% of related debts, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will not be met given Debtors' $29,988.44 equity in non-exempt property at petition date.

**Plan Payment Status**:

34. Debtors' interim Plan payments in the amount of $202.00 are current through due date June 9, 2007, with the next scheduled payment coming due July 9, 2007.

**RECOMMENDATION**

The Trustee does not recommend confirmation of the First Amended Chapter 13 Plan under the present conditions. The Trustee requires the Debtors to address the issues raised in paragraphs 7 through 33 by **July 19, 2007**. The Trustee will lodge an Order dismissing Debtors' case if the above items are not addressed and/or Plan payments are not kept current by July 19, 2007. The Trustee may submit a Supplemental Recommendation upon receipt of any of the information requested above. If the Debtors have any questions or concerns regarding this Recommendation, they should contact their attorney. If the Debtors are not represented by counsel, they may contact the Case Administrator at extension 217.

Dated: [see signature block]

                                          Edward J. Maney
                                          Chapter 13 Trustee

Copy of the foregoing mailed on [see signature block] to:

EDWIN LEE, ESQ.                      KENNETH & JESSICA ELLSWORTH
5020 E SHEA BLVD STE 150          8015 E FOOTHILLS DR
SCOTTSDALE AZ 85254              SCOTTSDALE AZ 85255

_____