Joseph E. Cotterman (Bar No. 13800)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: jec@gknet.com
Attorneys for LifeScape Medical Associates, P.C.

Edwin Lee (Bar No. 004846)
Hirsch Law Office, P.C.
5020 E. Shea Blvd., Suite 150
Scottsdale, AZ 85254
Email: nedlee@hirschlaw.net
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH KARL ELLSWORTH and JESSICA TERESA ELLSWORTH, husband and wife,<br><br>Debtors. | 2-07-bk-0986<br><br>Chapter 13<br><br>**JOINT MOTION TO REFER CHAPTER 13 PLAN OBJECTION CONTESTED MATTER TO ALTERNATIVE DISPUTE RESOLUTION PROGRAM**<br><br>**(No Hearing Necessary)** |

Debtors Kenneth and Jessica Ellsworth ("Debtors") and LifeScape Medical Associates, P.C. ("LifeScape"), through undersigned counsel (together, the "Parties"), hereby jointly request that the Court refer the contested matter commenced by Lifescape's *"OBJECTION TO DEBTORS' AMENDED CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE"* filed on May 1, 2007 at ECF administrative docket number 20 (the "Plan Objection") to the Alternative

Dispute Resolution ("ADR") Program pursuant to Local Rules Of Bankruptcy Procedure 9072-1 through 9072-9.[1] In support of this Joint Motion, the Parties submit the following:

1. This Plan Dispute was commenced by the filing of the Plan Objection, which, in summary, requests that the Court deny confirmation of Debtors' *Amended Chapter 13 Plan And Application for Payment Of Administrative Expense* filed at ECF docket number 18 in this case (hereinafter the "Plan"), because the Plan understates Debtors' current disposable income and undervalues Debtors' assets, and based thereon proposes to pay unsecured creditors an impermissibly small distribution. Debtors dispute the contentions raised in the Plan Objection, and contend that the Plan should be confirmed as filed.

2. Under the circumstances of this case, the Parties believe they may be able to resolve the Plan Dispute most quickly and efficiently through utilizing the Court's ADR Program. Mediation could, among other things, result in an amended chapter 13 plan with stipulated terms, which would not only resolve the Plan Objection, but avoid objections and disputes over any future amended plan.

3. The Parties propose to utilize the ADR Program specified under Local Bankruptcy Rules 9072-1 through 9072-9. The Parties submit that this Joint Motion constitutes a stipulation for referral to the ADR Program under Local Bankruptcy Rule 9072-2, and request that the Court assign the Plan Dispute to the ADR Program.

4. Local Bankruptcy Rule 9072-4 provides that unless ordered by the Court, a referral to the ADR Program does not delay or stay discovery, pretrial, hearing dates, or trial schedules. The Plan Dispute is set for a final hearing on March 11th. Because it may not be feasible for the Parties, and especially any mediator, to complete the process

---

[1] This contested matter commenced by the Plan Objection is hereinafter referred to as the "Plan Dispute".

2

contemplated by this Motion prior to March 11th, the Parties hereby request that the Court vacate the March 11th hearing and stay the briefing schedule regarding the Plan Dispute pending completion of any mediation under the ADR Program. The Parties propose that if they do not reach a settlement at a mediation meeting, the stay of the current briefing schedule will be automatically lifted, and the briefing deadlines will resume consistent with the status of those timelines as of the day the Court enters an order granting this Motion. Moreover, in that event the Parties will immediately inform the Court and request a hearing consistent with the remaining briefing schedule.

5. The Parties have agreed that within Five (5) calendar days after entry of an order approving this Motion, they will simultaneously exchange good faith settlement offers. To facilitate a final possibility of settlement before incurring the time and expense of a mediation meeting, the Parties have agreed that any mediation meeting will take place no sooner than Fourteen (14) days after exchange of settlement offers.

6. Local Bankruptcy Rule 9072-5 provides for two lists of mediators, compensated and uncompensated, approved for appointment under the ADR Program. Pursuant to Local Bankruptcy Rule 9072-7(a)(1), within five days of entry of an order granting this Motion, the Parties will select a candidate and an alternate candidate to serve as mediator from the lists of approved mediators, and submit a proposed order of appointment to the Court. If unable to agree on a mediator, the Parties will notify the Court pursuant to Local Bankruptcy Rule 9072-7(a)(2) and request that the Court appoint a mediator. The Parties are confident they will be able to agree on a mediator. The terms of retention and compensation of any mediator will be governed by Local Bankruptcy Rule 9072-7(b)-(e).

7. The timing, procedures, and conduct of any mediation will be governed by Local Bankruptcy Rule 9072-8. Post-mediation procedures will be governed by Local Bankruptcy Rule 9072-9.

3

8. Because this Joint Motion involves a procedural matter, and because it is urged jointly by the only two parties to the Plan Dispute, the Parties submit that pursuant to Local Bankruptcy Rule 9013-1(d), the Court can immediately grant this Joint Motion without the need for a hearing. For the Court's convenience the Parties have lodged a proposed order granting the relief requested herein.

## **CONCLUSION**

As discussed above, the Parties believe that referring the Plan Dispute to mediation under the ADR Program may result in the most efficient and most complete resolution of the Plan Dispute. For all the foregoing reasons, the Parties request that the Court enter an order referring the Plan Dispute to the ADR Program pursuant to Local Bankruptcy Rules 9072-1 through 9072-9, and granting the other relief requested above.

DATED February 27, 2008.

| GALLAGHER & KENNEDY, P.A. | HIRSCH LAW OFFICE, P.C. |
|---|---|
| By: /s/ Joseph E. Cotterman (013800)<br>Joseph E. Cotterman<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br>Attorneys for LifeScape Medical<br>  Associates, P.C. | By: /s/ EL004846<br>Edwin Lee<br>5020 E. Shea Blvd., Suite 150<br>Scottsdale, AZ 85254<br>Attorneys for Debtors |

4