**SO ORDERED.**

**Dated: March 04, 2008**




**CHARLES G. CASE, II**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| KENNETH KARL ELLSWORTH and JESSICA TERESA ELLSWORTH, | 2-07-bk-0986 |
| Debtors. | **ORDER REFERRING CONTESTED MATTER ON CHAPTER 13 PLAN OBJECTION TO ALTERNATIVE DISPUTE RESOLUTION PROGRAM** |
| LIFESCAPE MEDICAL ASSOCIATES, P.C., | |
| Movant, | |
| v. | |
| KENNETH KARL ELLSWORTH and JESSICA TERESA ELLSWORTH, | |
| Respondents. | |

This matter came before the Court on the *JOINT MOTION TO REFER CHAPTER 13 PLAN OBJECTION CONTESTED MATTER TO ALTERNATIVE DISPUTE RESOLUTION PROGRAM* (the "Motion") filed by Debtors Karl and Jessica Ellsworth and Lifescape Medical Associates, P.C. (hereinafter "Debtors", "Lifescape" and collectively the "Parties"). After reviewing the Motion, the Court finds good cause to

GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-8000

grant the relief requested therein.  The Court also concludes that because the Motion involves a procedural matter, and is urged jointly by the only two Parties to the Plan Dispute,[1] pursuant to Local Bankruptcy Rule 9013-1(d), no hearing is required before the Court grants the Motion.  Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED AS FOLLOWS:

    A. The Motion is GRANTED on the terms set forth herein;

    B. The Plan Dispute is hereby referred to the ADR Program specified under Local Bankruptcy Rules 9072-1 through 9072-9.

    C. Pursuant to Local Bankruptcy Rule 9072-4, the hearing on the Plan Dispute currently scheduled for March 11, 2008, is hereby vacated.  All briefing schedules regarding the Plan Dispute are hereby stayed pending completion of any mediation under the ADR Program.

    D. If the Parties do not reach a settlement at any mediation conducted pursuant to this Order, the stay of briefing schedules will be automatically lifted as of the first business day after the mediation meeting, and the Parties shall file their responsive and reply briefs within Ten (10) and Seventeen (17) days, respectively, thereafter.  If the Parties do not reach a settlement at any mediation conducted pursuant to this Order, counsel for Lifescape is directed to immediately thereafter contact the court and request a hearing on the Plan Dispute, to be scheduled in accordance with the foregoing briefing schedule.

---

[1] Capitalized terms in this Order have the meanings assigned to them in the Motion, unless otherwise defined herein.

E. Within Five (5) calendar days after entry of this Order, the Parties shall simultaneously exchange good faith settlement offers regarding the matters at issue in the Plan Dispute. Any mediation regarding the Plan Dispute shall be conducted no sooner than Fourteen (14) days after the date the Parties exchange settlement offers.

F. Within five days after entry of this Order, the Parties shall select a candidate and an alternate candidate to serve as mediator from the lists of court-approved mediators established under Local Bankruptcy Rule 9072-5. If the Parties are unable to agree on a mediator, the Parties shall notify the Court pursuant to Local Bankruptcy Rule 9072-7(a)(2), and shall each submit the name of at least one mediator candidate. The Court will thereafter appoint a mediator. The terms of retention and compensation of any mediator shall be governed by Local Bankruptcy Rule 9072-7(b)-(e).

G. Except as modified by the terms of this Order, the timing, procedures, and conduct of any mediation shall be governed by Local Bankruptcy Rule 9072-8, and post-mediation procedures shall be governed by Local Bankruptcy Rule 9072-9.

SO ORDERED THIS ___ DAY OF MARCH, 2008.

_____
UNITED STATES BANKRUPTCY JUDGE

3