**HIRSCH LAW OFFICE, P.C.**
5020 East Shea Boulevard, Suite 150
Scottsdale, Arizona 85254
Phone: (602) 996-9544
Facsimile: (480) 505-9707

Lawrence D. Hirsch - AZ Bar No. 004982
Iva S. Hirsch - AZ Bar No. 006607
Edwin P. Lee - AZ Bar No. 004846
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 13 |
| | ) | |
| KENNETH K. ELLSWORTH | ) | |
| and JESSICA T. ELLSWORTH | ) | Case No. 2:07-bk-00986-CGC |
| | ) | |
| Debtors | ) | SUPPLEMENTAL BRIEF |
| _____ | ) | |

Debtors, Kenneth and Jessica Ellsworth, by and through counsel undersigned, hereby submit supplemental information to this Court regarding the objection to confirmation filed by creditor, LifeScape Medical Associates, P.C. (LifeScape), and specifically regarding the payment of attorney's fees by Debtor within the six month period prior to the filing of the Chapter 13 Bankruptcy. Debtors incorporate by reference the attached Memorandum of Points and Authorities.

Dated this 18th day of August 2008.

                HIRSCH LAW OFFICE, P.C.

                /s/ Lawrence D. Hirsch (#004982)
                Lawrence D. Hirsch
                5020 E. Shea Boulevard, Ste. 150
                Scottsdale, Arizona 85254

## MEMORANDUM OF POINTS AND AUTHORITIES

During Oral Argument on Creditor, LifeScape's objection to plan confirmation, much time was spent in discussion over attorney's fees paid by Debtor to her state court counsel in the period of time leading up to the filing of the Chapter 13 Bankruptcy. Counsel for creditor, Joseph Cotterman argued that the fees paid should not be recognized as a legitimate expense to be deducted from income for determination of current monthly income, as that term is defined by the Bankruptcy Code. The argument of counsel was based upon two theories: first, that the fees were paid by an entity (the PLLC) which was not a party to the litigation and second, that the fees paid were not necessary for the maintenance and support of the debtor or a dependent of the debtor as required by 11 U.S.C. §1325 (b)(2)(A).

Counsel for Debtor responded to these objections and stated that even if the fees were paid by the PLLC, those fees would be allowed deductions for the debtor under §1325(b)(2)(B) as a payment of a business expense necessary for the continuation, preservation and operation of the business. This Court indicated that it was more likely to accept Debtor's position if the fees paid to state court counsel were paid by the Debtor's sole proprietorship and not by a PLLC, for which she would only be an employee (and thus, apparently, not engaged in business).

Counsel has now had the opportunity to confer with Debtor and has been told by Debtor that all fees paid to state court counsel in the six months preceding the filing of the Chapter 13 Petition were paid by Debtor's sole proprietorship-the PLLC was not formed until the start of calendar year 2007. All fees paid were paid by Debtor while she operated her sole proprietorship-these are clearly expenses which fall within the purview of §1325 (b)(2)(B). These fees are appropriate deductions in determining "current monthly income" for means test

purposes and for determining what funds are to be paid to the Chapter 13 Trustee.

Dated this 18th day of August 2008.

HIRSCH LAW OFFICE, P.C.


/s/ Lawrence D. Hirsch (#004982)
Lawrence D. Hirsch
5020 E. Shea Boulevard, Ste. 150
Scottsdale, Arizona 85254
Attorney for Debtors

Copy of the foregoing filed and
noticed on the 18th day of August 2008

Joseph E. Cotterman
Gallagher & Kennedy, PA
2575 E. Camelback Rd.
Phoenix, Arizona 85016-9225

Edward Maney
Ron Hoffbauer
Chapter 13 Trustee
PO Box 10434
Phoenix, AZ 85064

\s\ Linda Shanks
Legal Assistant for Lawrence D. Hirsch