**HIRSCH LAW OFFICE, P.C.**
5020 East Shea Boulevard, Suite 150
Scottsdale, Arizona 85254
Phone: (602) 996-9544
Facsimile: (480) 505-9707

Lawrence D. Hirsch - AZ Bar No. 004982
Iva S. Hirsch - AZ Bar No. 006607
Edwin P. Lee - AZ Bar No. 004846
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KENNETH K. ELLSWORTH<br>and JESSICA T. ELLSWORTH<br><br>Debtors | In Proceedings Under Chapter 13<br><br>Case No. 2:07-bk-00986-CGC<br><br>RESPONSE TO MOTION TO STRIKE SUPPLEMENTAL BRIEF |

Debtors, by and through counsel undersigned, hereby respond to the Motion to Strike filed by Creditor Lifescape and request that this Court deny the Motion to Strike and accept the pleading filed as a Supplement to the Oral Argument presented to this Court by counsel. Debtors incorporate by reference the attached Memorandum of Points and Authorities.

Dated this 20th day of August 2008.

HIRSCH LAW OFFICE, P.C.

/s/ Lawrence D. Hirsch (#004982)
Lawrence D. Hirsch
5020 E. Shea Boulevard, Ste. 150
Scottsdale, Arizona 85254

## MEMORANDUM OF POINTS AND AUTHORITIES

Debtors filed their Supplemental pleading to advise the Court on a question that first arose during oral argument, not to reargue the merits of whether alleged "one time expenses" should be considered for means test purposes. That was already argued to the Court and what the Court took under advisement concerned whether the fees could be included if they were incurred by the PLLC and not by the Debtors individually. Debtors simply advised the Court that the fees in question were incurred and paid for as individuals.

Creditor Lifescape once again makes false statements to this Court regarding the timing in which the PLLC became active. While the articles of organization were filed in 2004, they were not published until late 2007 and the entity did not begin doing business as a business entity until then. Attached hereto and incorporated herein by this reference as Exhibits 1 and 2 are a copy of the publishing notice filed by the PLLC, as well as an opinion letter from her accountant explaining that the PLLC was not treated as a corporation for tax purposes until 2007 and that all business expenses incurred by the Debtors prior to that date were taken personally.

This Court should reject the Motion to Strike and consider the additional information provided by Debtors as the Court determines the issues presented.

Dated this 20th day of August 2008.

HIRSCH LAW OFFICE, P.C.

/s/ Lawrence D. Hirsch (#004982)

Lawrence D. Hirsch
5020 E. Shea Boulevard, Ste. 150
Scottsdale, Arizona 85254
Attorney for Debtors

Copy of the foregoing filed and noticed on the 20th day of August 2008

Joseph E. Cotterman
Gallagher & Kennedy, PA
2575 E. Camelback Rd.
Phoenix, Arizona 85016-9225

Edward Maney
Ron Hoffbauer
Chapter 13 Trustee
PO Box 10434
Phoenix, AZ 85064

\s\ Linda Shanks
Legal Assistant for Lawrence D. Hirsch

# EXHIBIT "1"

AZ Corp. Commissi
02198502

**THE RECORD REPORTER**

~ SINCE 1914 ~

1505 N CENTRAL AVE #200, PHOENIX, AZ 85004-1725
Telephone (602) 417-9900 / Fax (602) 417-9910

MITCHELL & FOREST
2355 E CAMELBACK RD #618
PHOENIX, AZ - 85016

# AFFIDAVIT OF PUBLICATION

Reference #: P-1171432-60

Notice Type: AO - ARTICLES OF ORGANIZATION

Ad Description: FAMILY PRACTICE OF SCOTTDALE, P.L.L.C.

I, MARCIA NOHAVA, am authorized by the publisher as agent to make this affidavit. Under oath, I state that the following is true and correct.

THE RECORD REPORTER is a newspaper of general circulation published Monday, Wednesday and Friday except legal holidays, in the County of Maricopa, State of Arizona. The copy hereto attached is a true copy of the advertisement as will be/has been published on the following dates:

10/15/2007, 10/17/2007, 10/19/2007

RR# 1212169

ARTICLES OF ORGANIZATION
OF
FAMILY PRACTICE OF
SCOTTSDALE, P.L.L.C.
(an Arizona professional limited liability company)

1. Name. The name of the professional limited liability company is FAMILY PRACTICE OF SCOTTSDALE, P.L.L.C.
2. Registered Office. The address of the registered office is located at: Family Practice Of Scottsdale, P.L.L.C., 2201 East Camelback Road, Suite 1228, Phoenix, Arizona 85016 in Maricopa County, Arizona, and the company may transact its business and maintain offices for such purposes at such other places either within or without the State of Arizona.
3. Statutory Agent. The name and address of the statutory agent in Arizona of the company for service of process is:
Robert D. Mitchell, Esq., Mitchell Law Offices, P.C., Anchor Centre One, Suite 1228, 2201 East Camelback Road, Phoenix, Arizona 85016, (602) 468-1410
4. Business Purpose/Nature of Professional Services. The professional limited liability company intends to operate a family medical practice and clinic, and to provide related medical services, subject to any provision of law governing or regulating the practice of medicine within the State of Arizona.
5. Term and Duration. The term and duration of this limited liability company shall be perpetual, unless sooner dissolved in a manner authorized by law.
6. Management. Management of the limited liability company is reserved to the members. The names and addresses of each person who is a member are as follows:
Jessica T. Ellsworth, M.D., 2201 East Camelback Road, Suite 1228, Phoenix, Arizona 85016.
EXECUTED this 20th day of December, 2004.
By: JESSICA T. ELLSWORTH, M.D., Member
10/15, 10/17, 10/19/07

RR-1212169

RECEIVED

OCT 1 9 2007

ARIZONA CORP. COMMIS
CORPORATIONS DIVIS

Subscribed and sworn to before me on the 19TH day of OCTOBER, 2007

ANNETTE R. ACOSTA
Notary Public - Arizona
Maricopa County
Expires 10/15/2010

*A0000002770026*

# EXHIBIT "2"

Under the Internal Revenue Service regulations relating to the non-tax recognized entity form know as Limited Liability Company, (LLC), a sole individual member of an LLC must report the business activity as if the LLC was the individual taxpayer and Schedule C of Form 1040 must be used.(Known as a disregarded entity) If that is not the desire of the member of the LLC, then an election must be made (Check the Box Election) using form 8832, Entity Classification Election to allow a single member LLC to be taxed as a Corporation (either C or S).

    Keep in mind that entities known as LLC, LLP, PLLC and PLLP are not recognized as valid tax entities as far as the Internal Revenue Code is concern. They are all entities that have been formed under each State's statutes. Therefore, the IRS looks at these entities as to substance over form. A single member LLC, by IRS regulation will be taxed as an individual. A multi-member LLC will be taxed as a partnership. Only by completing form 8832, can the entities be recognized, for tax purposes as corporation.

In the case of Doctor Ellsworth, she did not complete form 8832 and/or form 2553 (election to be taxed as an "S" corporation) until 2007. Whether the LLC application to the state was valid for the tax year 2006 has no bearing on this case. The fact is that regardless of the entity form, Jessica Ellsworth filed the business activity as a sole-proprietor. IRS code does not require a separate check book. Regardless of the source funds (either from a personal checking account or a business checking account) all business related expenses are deductible on Schedule C of the form 1040.

    As an individual, the business is assumed by the IRS to be on a cash basis accounting method. Dr. Ellsworth's payment to attorneys in regards to her practicing medicine (non-compete agreement) must be deducted in the year of payment, not in the year the service was rendered, no in the year the reported violation occurred. Under IRS regulations, when a business moves from a Schedule C filer to either a partnership and/or LLC, depreciation schedules, cost of assets, liabilities, etc. are moved without change to the new entity. Prior contingent liabilities move with the entity change, unless specifically addressed in the operating agreement of the new entity. It is protection for unknown liabilities from partners that have made the LLC entity the most popular entity form.

    The following are Code sections and IRS regulations pertaining to the ability to deduct legal fees by the business:

Code Section 212 permits a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year:
    (1) for the production or collection of income;
    (2) for the management, conservation, or maintenance of property held for the production of income; or
    (3) in connection with the determination, collection, or refund of any tax.

Reg. Section 1.162-6

A professional can deduct expenses incurred in the course of pursuing her profession. Thus, for example, a professional can deduct the cost of supplies used in the practice of the profession, expenses paid or accrued in the operation and repair of an automobile used in making professional calls, dues to professional societies and subscriptions to professional journals, the rent paid or accrued for office rooms, the cost of the fuel, light, water, telephone, etc., used in such offices, and the hire of office assistance. Amounts currently paid or accrued for books, furniture, and professional instruments and equipment, the useful life of which is short, can also be deducted (rather than capitalized). Owen v. Commissioner, 23 T.C. 377 (1954) disallowed business expenses when the professional was not performing, or attempting to perform services related to her profession. The Court had no problem with the deductibility of expenses incurred in the course of pursuing the taxpayer's profession. Fighting a lawsuit that is trying to stop you from practicing your profession, per the above regulation is deductible by the business.

Reg. Section 1.62-1T(d). The practice of a profession, unlike working as an employee, is considered the conduct of a trade or business in determining whether expenses are deducted above the line or below the line. In other words, when a physician is conducting business, the expenses incurred to maintain the ability to practice medicine, regardless of the legal entity, is deductible by that entity or a subsequent entity.

Attorneys' fees, court costs, and other legal expenses may qualify as ordinary and necessary trade or business expenses, including legal expenditures incurred in litigation (**Parker v. Commissioner**, 365 F.2d 792 (8th Cir. 1966).