Joseph E. Cotterman (Bar No. 13800)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: jec@gknet.com
Attorneys for LifeScape Medical Associates, P.C.

Ronald L. Hoffbauer (006888)
P.O. Box 10434
Phoenix, Arizona 85064
602-277-3776
ronh@maney13trustee.com
Attorney for Edward J. Maney,
    Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH KARL ELLSWORTH and JESSICA TERESA ELLSWORTH, husband and wife,<br><br>Debtors. | 2-07-bk-0986<br><br>Chapter 13<br><br>**PRELIMINARY UNILATERAL PRETRIAL STATEMENT OF LIFESCAPE AND CHAPTER 13 TRUSTEE REGARDING MOTION TO DISMISS**<br><br>Hearing Date: September 2, 2009<br>Time: 9:00 a.m.<br>Courtroom: 601 |

LifeScape Medical Associates, P.C. ("LifeScape"), and the Chapter 13 Trustee (collectively the "Movant Parties"), through undersigned counsel, hereby submit the following preliminary unilateral pretrial statement for purposes of the final hearing on LifeScape's Motion To Dismiss filed on April 3, 2009 at ECF docket number 92 (the

"Motion"). The content of this unilateral pretrial statement was submitted to Debtors some forty-eight hours prior to the time of filing, as a draft joint pretrial statement. As of the time of filing this unilateral statement, Debtors had not provided input for a joint pretrial statement.

The Movant Parties do not seek herein to bar Debtors from submitting a pretrial statement or from using witness and exhibits at trial, and the Movant Parties may modify this unilateral pretrial statement and incorporate it into a joint pretrial statement with Debtors if the Court accepts any further pretrial statement.:

I. **JURISDICTION.**

The Movant Parties agree that jurisdiction is vested in this Court under 28 U.S.C. §§ 1334, 151 and 157 (b)(2)(A) and (O). The parties further agree that this matter constitutes a "core proceeding" pursuant to 28 U.S.C. § 157(b) (2)(A) and (O), thereby empowering this Court to enter a final judgment and order adjudicating this matter.

II. **STATEMENT OF THE CASE**

A. **LifeScape's Statement Of The Case**

This case involves LifeScape's Motion To Dismiss the Debtors' Chapter 13 case as a bad faith filing. LifeScape asserts that dismissal is warranted, in part, due to the circumstances of the filing, specifically in regard to the state court litigation between Debtors and LifeScape and Debtors' financial affairs otherwise. LifeScape asserts that Debtors filed this case solely to defeat the state court litigation between the parties wherein LifeScape prevailed shortly before the petition date.

LifeScape also asserts that the financial information provided by Debtors in their

2

statements and schedules, exhibits thereto, and other papers filed in this case misrepresents and understates their income and thereby further evidences bad faith justifying dismissal. LifeScape contends that the improperly understated and misrepresented figures would support a Chapter 13 plan that pays unsecured creditors an improperly small distribution on their unsecured claims.

Finally, LifeScape asserts that Debtors' failure to file an amended Chapter 13 plan as directed by the Court in its Under Advisement Decision entered January 12, 2009 at ECF docket 88 (the "Decision"), evidences Debtors' bad faith, and also constitutes cause for dismissal within the meaning of 11 U.S.C. §1307(c).

**B.    Debtors' Statement Of The Case**

**C.    The Chapter 13 Trustee's Statement Of The Case.**

The Debtors' continued payment of Debtors personal obligation on the 2007 Mercedes Benz and Debtor Jessica Ellsworth personal obligation on her student loan obligations subsequent to the filing of the petition by her PLLC evidences Debtors' lack of good faith.  The continued payment of the student loan obligations would result in preferential treatment of those unsecured debts to the detriment of Debtors' only other unsecured obligation owed to Lifescape.

The payment of these debts and legal fees to bankruptcy counsel by the PLLC without prior application and approval of those legal fees reduces Debtors' income.

Although Debtors have amended their Schedules, the Debtors' tax returns show that Debtors have a health savings account that is not listed as an asset on Schedule B and the

3

valuation of the PLLC on Schedule B does not appear to account for any pending receivables on the date of filing.

### III. UNCONTESTED MATERIAL FACTS.

For purposes of this litigation only, the Movant Parties agree to the following uncontested material facts. As of the filing of this unilateral pretrial statement, Debtors had not raised any objection to the following material facts, and they are, accordingly, submitted as uncontested material facts. To the extent that Debtors raise any objection hereto subsequent to the filing of this unilateral pretrial statement, the Movant Parties submit.these facts as contested facts deemed material.

1. On January 3, 2005, LifeScape commenced litigation against Debtors in Maricopa County Superior Court Case No. CV2005-000004 (the "State Litigation").

2. LifeScape prevailed in the State Litigation, and Debtors filed a notice of appeal.

3. LifeScape prevailed at the Court of Appeals in the State Court Litigation, and by order dated June 29, 2006, the Court of Appeals awarded LifeScape its attorneys' fees and costs incurred on appeal. Debtors thereafter filed a petition for review with the Arizona Supreme Court, which was denied.

4. After denial of Debtors' petition for review, the Court of Appeals issued its mandate in the State Court Litigation on January 11, 2007, which included the award of attorneys' fees and costs on appeal in favor of LifeScape.

5. On February 9, 2007, LifeScape filed its Motion For Judgment Pursuant To Mandate, seeking entry of judgment for the fees and costs awarded on appeal, and seeking an award of fees and costs incurred at the trial level in the State Court Litigation.

6. By agreement of the parties, Debtors' deadline to respond to the Motion For Judgment Pursuant To Mandate was extended to March 8, 2007. On that date, Debtors

4

filed their voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition Date"). Debtors did not file a response to the Motion For Judgment Pursuant To Mandate in the State Court Litigation.

7. Debtors' "Schedule F – Creditors Holding Unsecured Nonpriority Claims" filed in this Chapter 13 case, lists three unsecured creditors; two of those creditors are lenders or servicers on Mrs. Ellsworth's student loans; the other unsecured creditor is LifeScape.

8. Mrs. Ellsworth's medical practice has paid the monthly payments due on her student loans throughout the pendency of this Chapter 13 case.

9. On or about December 22, 2006, Debtors and the Medical Practice, at that time not yet incorporated or officially formed, jointly purchased a 2007 Mercedes Benz ML 350 for a total purchase price including tax of approximately $54,000.00. In connection therewith, Debtors paid a down payment of $7,000.00 and jointly with the Medical Practice, borrowed approximately $47,000.00.

10. In or about July 2005, Debtors purchased their residence for a purchase price of approximately $855,000.00. In connection therewith, they borrowed approximately $650,000.00 from Citi Mortgage.

11. Mrs. Ellsworths' medical practice has paid the monthly payments due on the Mercedes throughout the pendency of this Chapter 13 case.

12. Debtor's 2006 1040 Income Tax return lists $113,733.00 in adjusted gross income and $47,741 in taxable income.

13. Debtor's 2007 1040 Income Tax return lists $138,702.00 in adjusted gross income and 76,390.00 in taxable income.

14. Debtor's 2008 1040 Income Tax return lists $189,556.00 in adjusted gross income and $119,211.00 in taxable income.

5

15. Debtors did not list any creditors on their "Schedule E – Creditors Holding Unsecured Priority Claims".

16. Debtors listed two creditors on their "Schedule D – Creditors Holding Secured Claims". Those two creditors are Chase, and Citi Mortgage, the secured lenders on the Mercedes and their residence, respectively.

**IV.     DEBTOR'S STATEMENT OF CONTESTED MATERIAL FACTS.**

**V.      LIFESCAPE'S STATEMENT OF CONTESTED MATERIAL FACTS.**

LifeScape sets forth the following material statements of fact, which are disputed by Debtor:

1. LifeScape incorporates herein all the factual statements and assertions set forth in its Motion to the extent not set forth above as an undisputed material fact.

2. The Statements Of Revenue And Expenses included as Exhibits to the several Form 22C and Statements and Schedules filed, which are utilized to support and calculate Debtor's income, do not reflect the income Dr. Ellsworth has received from Family Practice of Scottsdale PLLC (hereinafter the "Medical Practice") in the form of salary, owner's draws, personal expenses paid by the Medical Practice, or Loans later recharacterized as draws.

3. Between September 2006 and March 2009, Dr. Ellsworth has taken owner's draws from the Medical Practice in excess of $50,000.00. Those owner's draws are not reflected in the Statements and Schedules or monthly operating reports filed in this Chapter 13 case.

4. Between September 2006 and March 2009, Dr. Ellsworth has taken loans from the Medical Practice in excess of $20,000.00. Those loans are not reflected in the Statements and Schedules or monthly operating reports filed in this Chapter 13 case.

6

5. Between September 2006 and March 2009, the Medical Practice paid personal expenses of Dr. Ellsworth in excess of $49,000.00. Those loans are not reflected in the Statements and Schedules or monthly operating reports filed in this Chapter 13 case.

6. Between January 2007 and March 2009, the Medical Practice paid Dr. Ellsworth a salary in excess of $39,000.00. That salary is not reflected in the Statements and Schedules or monthly operating reports filed in this Chapter 13 case.

7. As of July 2007, Debtors' accountant valued the Medical Practice's FF&E in excess of $17,000.00.

8. The Medical Practice has timely paid the monthly payments on Dr. Ellsworth's student loans throughout the pendency of this case in an amount in excess of $36,892.88.

9. The Medical Practice has timely paid the monthly payments on the Mercedes throughout the pendency of this case.

10. The financial statements incorporated into the various versions of the form 22C submitted by Debtors, and appended to their schedules I and/or J, do not reflect the salary, draws, loans, and personal expenses paid to, or on behalf of, Mrs. Ellsworth by the Medical Practice.

11. Dr. Ellsworth uses the Mercedes as her personal vehicle.

12. Debtors did not disclose the State Court Litigation when they applied for loans for their residence or the Mercedes.

13. As they are currently being treated, all unsecured and secured creditors listed by Debtors, other than LifeScape, will be paid in full either through, or outside of, the Debtors' Chapter 13 plan.

**VI. CONTESTED ISSUES OF FACT AND/OR LAW.**

    **a)** **Whether Debtors have misrepresented their income in their statements**

7

**and schedules, form 22C, and supporting exhibits?**

                    (1) <u>LifeScape's Position</u>:

Dr. Ellsworth's income is not reflected in any of Debtor's Statements and Schedules, Form 22C, or any of the supporting documentation. In support of the foregoing, Debtors have relied on certain financial statements of Dr. Ellsworth's medical practice, which do not include her personal income taken in the form of salary, owner's draws, loans, and personal expenses paid by the medical practice. Because the documents and information underlying Debtor's income information are not those which reflect their true income, the calculation of disposable income and required plan payments is likewise inaccurate. Throughout this case, Debtors have concealed and/or manipulated their income and expense figures, changing both several times in response to LifeScape's objections and the Court's Decision, each time to produce different, but negative, income numbers.

           (2)     <u>Debtors' Position</u>:

**b) Whether Debtors have complied with the mandates of the Court's Decision.**

           (1)    <u>LifeScape's Position</u>:

In the Decision, the Court directed that "Debtors must submit an amended Form 22C and a second amended plan consistent with this decision within thirty days." Debtors failed to file any amended plan after the Decision was entered. Debtor's amended

8

financial information which was purportedly filed in compliance with the Decision, included expense information not previously utilized in calculating Debtors' income, which resulted in claiming expenses (which correspondingly lowered income) that exceeded the expenses the Decision prohibited Debtors from claiming.

Debtors are now seeking confirmation of the same Chapter 13 Plan the Court previously refused to confirm, based on financial information that does not comply with the mandate of the Decision.

**(c) Whether Debtors filed this case in bad faith to defeat the State Court Litigation and treat LifeScape's claim unfairly while paying other creditors in full.**

(1) <u>LifeScape's Position</u>:

Debtors filed this case to defeat the State Court Litigation and unfairly target LifeScape and its claim. This case was filed immediately after Debtors lost in the court of last resort in the State Court Litigation. All other creditors listed in this case will be paid in full. Not only will all creditors other than LifeScape be paid in full, some are being paid by Dr. Ellsworth's medical practice during the pendency of this case, a practice which improperly reduces Debtors' income otherwise available to pay claims under a plan, and which improperly pays those creditors outside of a plan at a time when those claims should be subject to the automatic stay and await payment under a confirmed plan.

(2) <u>Debtor's Position</u>:

**VII. EXHIBITS.**

9

2174383v1/15788-0003

laims should be subject to the automatic stay and await payment under a confirmed plan.

(2) <u>Debtor's Position</u>:

## **VII. EXHIBITS.**

    a)     LifeScape's Exhibits:

1. Deposition transcript of Jonathan Moser and all exhibits identified and marked therein
2. Family Practice of Scottsdale Owner Distributions
3. Loans from Company
4. Personal Expenses Paid by Company
5. Summary of Personal Expenses Paid by Company
6. Medical Practice Inventory
7. 12/31/06 Financial Statement
8. <u>First</u> Twelve Month Income Statement ending December 31, 2006
9. All Monthly Business Operating Statements filed by Debtors in this Chapter 13 case
10. Statement of Revenue & Expenses ending February 28, 2007
11. Statement of Revenue & Expenses ending March 31, 2007
12. Salary for Jessica Ellsworth [from January 2007 through March 2009]
13. Income Statement For the Three Months ending March 31, 2009
14. Payroll Tax Expense
15. Office Inventory

16. Twelve Months Income Statement ending December 31, 2008

17. 2006 Tax Return

18. 2007 Tax Return

19. 2008 Tax Return

20. Schedule of Auto Loan Payments

21. <u>Second</u> Twelve Month Income Statement ending December 31, 2006

22. Uniform Residential Loan Application for mortgage loan for Debtors' residence

23. Loan Application for loan on Mercedes

24. All exhibits listed by Debtors

25. All Statements and Schedules, pleadings, and other papers filed in this case and all amendments and exhibits thereto

    b) <u>Debtors' Exhibits:</u>

1.

## VIII. <u>WITNESSES.</u>

    a) <u>LifeScape's Witnesses:</u>

        1) Jonathan Moser

        2) Jessica Ellsworth

        3) Kenneth Ellsworth

        4) Foundational witnesses if necessary to testify to authenticity of any document.

        5) All witnesses listed or called by Debtor.

1    b) <u>Debtors' Witnesses:</u>

2        (1)

 

 

 

DATED August 26, 2009.

GALLAGHER & KENNEDY, P.A.

By: /s/ Joseph E. Cotterman (013800)
    Joseph E. Cotterman
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225
    Attorneys for LifeScape Medical
      Associates, P.C.

By: <u>/s/ Ronald L. Hoffbauer (06888)</u>
P.O. Box 10434
Phoenix, Arizona 85064
Attorney for Edward J. Maney,
Chapter 13 Trustee

12

2174383v1/15788-0003